**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM HOUSMAN,** | **:** | |
| **Petitioner** | **:** | **CIVIL ACTION NO. 3:20-1198** |
| **v.** | **:** | **(MANNION, D.J.)** |
| | | **(SAPORITO, M.J.)** |
| **JOHN E. WETZEL,** *et al.*, | **:** | |
| **Respondents** | **:** | |

## MEMORANDUM

Presently before the court is the October 7, 2020 Report and Recommendation ("Report") of Magistrate Judge Joseph F. Saporito, (Doc. 9), which recommends that the petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, filed through counsel by petitioner William Housman be dismissed without prejudice as premature. The Report finds that even though the petitioner is in custody in a state correctional institution awaiting to be resentenced in state court for his first degree homicide conviction, he is not yet in custody pursuant to a state court judgment of sentence and the court lacks jurisdiction over his habeas petition. *See* Commonwealth v. William Housman, No. CP-21-CR-0000246-2001 (C.C.P. Cumberland County).[1]

---

[1]The court takes judicial notice of petitioner's Cumberland County Court Criminal Docket which indicates that he has not yet had his

*(footnote continued on next page)*

The Report indicates that since no final judgment of sentence has been imposed in the petitioner's state court criminal case regarding his homicide conviction, his habeas petition is premature. The Report also finds that there is no need to stay the petitioner's habeas petition and hold it in abeyance until he is resentenced since the AEDPA's one-year statute of limitations for a §2254 petition will not start to run until his sentence has become final.

Although the petition was served on respondents and a show cause order was issued, to date, respondents have not responded to the petition. (Doc. 7). The petitioner has filed objections to the Report. (Doc. 10).

For the following reasons, the Report, (Doc. 9), will be **ADOPTED IN PART**, to the extent that it finds the court lacks jurisdiction over the petitioner's habeas petition, (Doc. 1), challenging his homicide conviction. The petitioner's objections, (Doc. 10), will be **OVERRULED IN PART**, regarding the jurisdictional issue, and **SUSTAINED IN PART**, for further consideration as to whether his petition should be held in abeyance until he is resentenced.[2]

---

resentencing hearing in state court regarding his homicide conviction after the Pennsylvania Supreme Court vacated his death sentence. *See* http://www.pacourts.us/courts/courts-of-common-pleas/docket-sheets.

[2]Since the Report states the correct background of this case and the petitioner did not object to it, the court does not repeat it herein. *See also* habeas petition, Doc. 1.

## I.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

## II.    DISCUSSION

The Report finds that "[a]lthough Housman was originally sentenced to death for his first-degree murder conviction, plus a term of years for other related convictions, that sentence was vacated in his PCRA proceedings, and he is currently in custody *awaiting* resentencing." As such, the Report concludes that "[b]ecause  [the petitioner] is not yet in custody pursuant to a state court judgment of sentence, this Court lacks jurisdiction to adjudicate his §2254 petition." (Doc. 9 at 4) (citations omitted). Thus, the Report recommends that the court dismiss the petitioner's habeas petition without prejudice as premature.

"A federal court has jurisdiction to entertain a petition for a writ of habeas corpus under §2254 only if the petitioner was 'in custody pursuant to the judgment of a State court' when the petition was filed." Johnson v. Waden McDowell FCI, 796 Fed.Appx. 73, 75 (3d Cir. 2019) (citations omitted). "For there to be jurisdiction, the petitioner must be in 'custody' that arises 'pursuant to the judgment of a state court' that is under attack." *Id.* (citation omitted).

There is no question that the petitioner was in state custody when he filed his habeas petition. Petitioner is currently awaiting to be resentenced on his first degree homicide conviction. However, petitioner was also

sentenced to five separate terms of years for other related convictions, and those sentences ran consecutive to his death sentence, to wit: kidnap to facilitate a felony, 4 years to 20 years; theft by unlawful taking, 14 months to 7 years; abuse of corpse, 1 year to 2 years; criminal conspiracy engaging in criminal homicide, 20 years to 40 years; and criminal conspiracy engaging in kidnapping to facilitate a felony, 9 months to 5 years. Thus, petitioner received an aggregate consecutive sentence of 20 years to 40 years on his convictions related to the homicide conviction, and this sentence has not been disturbed. Also, in his habeas petition, petitioner states that he challenges his first degree homicide conviction and sentence as well as his other undisturbed convictions and sentences based on alleged violations of his constitutional rights and ineffective assistance of trial counsel claims. (*See* Doc. 1 at paras. 31 & 168).

At issue is whether the petitioner's habeas petition is premature since his judgment of sentence regarding his first degree homicide conviction is not yet final. The court finds that because the petitioner's has not yet been resentenced on his homicide conviction, his habeas petition regarding this conviction is subject to dismissal for lack of jurisdiction. The petitioner is not "in custody" for purposes of habeas review with respect to a final state court judgment of sentence on his homicide conviction that he is attacking at the

time his habeas petition was filed. *See* United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 423 n. 6 (3d Cir. 1975) ("'in custody' jurisdictional requirement is determined as of the date the [application] is filed in the district court"). *See* Harris v. Allen, 683 F.Supp2d 1284, 1289 (M.D. Al. 2010) ("Because [petitioner's] sentence has been reversed and because she is still awaiting re-sentencing, she is not in 'custody pursuant to the judgment of a State court.'"). *See also* Mercer v. Sterling, 2015 WL 1291668, *2 (D. S.C. Jan. 20, 2015) (The court dismissed the habeas petition without prejudice. The court held that "[a]lthough [petitioner] was originally sentenced to death for his murder conviction, his sentence was vacated in his PCR action, and he is currently awaiting resentencing." "[S]ince [petitioner] does not currently have a sentence for that conviction, he is not currently in custody pursuant to a state court judgment on that conviction.").

Since the petitioner has not yet been resentenced in state court on his homicide conviction before he filed his present habeas petition, he is clearly not "'in custody' pursuant to the judgment of a State court'" regarding the stated conviction. §2254(a). As in the Harris case, our petitioner is "in custody *pending* a judgment" on his homicide conviction. Harris, 683 F.Supp2d at 1290 (emphasis original). Thus, the court lacks jurisdiction over the petition insofar as it challenges petitioner's homicide conviction.

Next, the court considers whether the habeas petition should be stayed and held in abeyance as the petitioner contends in his objections, or whether it should be dismissed without prejudice as the Report recommends. "In Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the Supreme Court sanctioned the use of the stay-and-abeyance procedure in a context outside that of mixed [habeas] petitions." Heleva v. Brooks, 581 F.3d 187, 191 (3d Cir. 2009). If there is a possibility that a petitioner's Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations will expire, this may constitute good cause to stay his habeas petition and hold it in abeyance as opposed to dismissing it. *See id.*

The Report finds that there is no harm to petitioner with respect to being time barred to file a new habeas petition after he is resentenced on his homicide conviction if the court dismisses his habeas petition without prejudice since the "AEDPA allows a state prisoner to wait until both his conviction and his sentence have become final before filing a petition under §2254." (Doc. 9 at 5 n. 1) (quoting Scott v. Hubert, 635 F.3d 659, 667 (5th Cir. 2011)). *See also* 28 U.S.C. §2244(d)(1)(A) (the 1-year AEDPA "limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."); Burton v. Stewart, 549 U.S. 147, 156-57127 S.Ct. 793 (2007)

(holding that AEDPA's statute of limitations period does "not begin until both [a] conviction *and* sentence 'become final by the conclusion of direct review or the expiration of the time for seeking such review.'") (emphasis original). The final judgment is the sentence, *see* Burton, 549 U.S. at 156, and since the petitioner has not been resentenced, he does not have a final state judgment with respect to his homicide conviction to attack in his instant petition. "A resentencing, …, results in a new judgment of conviction for purposes of AEDPA." Smith v. Sect., Florida Dept. of Corrections, 691 Fed.Appx. 555, 556 (11th Cir. 2017).

However, petitioner's statute of limitations for his claims seeking to challenge his undisturbed consecutive aggregate sentence of 20 years to 40 years, on his convictions for which he will not be resentenced, may have commenced to run. As in Romansky v. Superintendent Greene SCI, 933 F.3d 293, 300 (3d Cir. 2019), a case upon which petitioner relies in his objections but was not addressed in the Report, "the Pennsylvania courts imposed separate sentences [on petitioner] for each count and conducted only a 'limited' resentencing." The petitioner states that Romansky "suggests that [his] petition, if re-filed at a later date following a dismissal without prejudice, might be considered untimely as to the convictions that have been affirmed

- 8 -

with no resentencing", and thus, he "requests that his petition be held in abeyance until his resentencing is complete." (Doc. 10 at 4).

In Romansky, the Third Circuit found that the resentencing does not constitute a new judgment as to every count of conviction. The Court then held "that Romansky's habeas petition was not timely as to the conspiracy conviction at his 1987 trial because the petition was not filed within one year of the conclusion of his state post-conviction process and because the 2000 resentencing did not impose a new judgment as to the undisturbed counts of conviction (including the conspiracy charge)." Id. at 300-01. Thus, in Romansky, id. at 300, the Court found that "where some but not all counts of conviction are disturbed on appeal or in post-conviction proceedings, the defendant's eventual resentencing is [not] a new judgment as to the undisturbed counts of conviction." As such, "[t]he sentence imposed [on Housman] after [his resentencing] [will] not [be] a new judgment on the undisturbed counts of conviction." Id.

Based on the record before the court, it is not clear if the AEDPA statute of limitations has commenced to run, or has expired, with respect to the petitioner's undisturbed sentences and, it is not clear if the petitioner has exhausted his claims with respect to these sentences.

Accordingly, the court will remand this case to Judge Saporito to issue a Report as to whether the court should stay petitioner's habeas petition and hold it in abeyance until his resentencing on the first degree homicide conviction, or if the court should dismiss the petition without prejudice.[3]

## III.   CONCLUSION

In light of the foregoing, Judge Saporito's Report, **(Doc. 9)**, will be **ADOPTED** to the extent that it finds the court lacks jurisdiction over the petitioner's habeas petition, **(Doc. 1)**, challenging his first degree homicide conviction. Petitioner's objections to the Report, **(Doc. 10)**, will be **OVERRULED IN PART**, and **SUSTAINED IN PART**. The court will **REMAND** this case to Judge Saporito to determine whether the habeas petition should be held in abeyance until the petitioner's resentencing is complete, and he exhausts his state court remedies regarding his resentencing. An appropriate order shall follow.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 27, 2020**
20-1198-02

---

[3]The court notes that whether or not the habeas petition is dismissed without prejudice or held in abeyance until after he is resentenced, the petitioner must still first exhaust in state court all of the claims he wishes to present to the district court regarding all of his sentences. *See* 28 U.S.C. §2254(b)(1).

- 10 -